United States District Court
For the Southern District of Florida

Joann Rotta,

    Plaintiff,                                            Civil Action No.

vs.

JPMorgan Chase Bank, N.A.,

    Defendant.

_____/

**Complaint and Demand for Jury Trial**

Plaintiff, Joann Rotta, sues Defendant, JPMorgan Chase Bank, N.A. ("Defendant"), for monetary relief, including attorney fees and costs, and respectfully demands judgment against the Defendant on all claims pled against it in this complaint. Plaintiff brings this action under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and its implementing regulation, Regulation X, 12 C.F.R § 1024 ("Regulation X"), for multiple violations of the RESPA. The ultimate facts supporting Plaintiff's entitlement to the requested relief are articulated in the numbered paragraphs below.

Jurisdiction, Venue, and Parties

1. This Court has subject matter jurisdiction over Plaintiff's claim under the RESPA and Regulation X pursuant to 12 U.S.C. § 2614.

2. Venue is proper in the United States District Court for the Southern District of Florida under 12 U.S.C. § 2614 because it is the district in which the property involved is located.

3. Plaintiff is Florida resident residing in Palm Beach County, Florida.

4. Defendant is a corporation with its principal place of business in Columbus, Ohio. At all times material to this action, Defendant regularly transacted business in the state of Florida.

Introduction

5. In January 2013, the Consumer Finance Protection Bureau ("CFPB") issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act ("DFA"), Public Law No. 111-203, 124 Stat. 1376 (2010).

6. Specifically, on July 10, 2013, the CFPB issued mortgage rules under Regulation Z and Regulation X pursuant to its authority under the DFA, which became effective on January 10, 2014.

7. Defendant is a loan "servicer" of the Plaintiff's "federally related mortgage loan" as those terms are defined in the RESPA, 12 U.S.C. § 2602(1) and 12 U.S.C. § 2605(i)(2) (the "Loan"). Defendant receives payments from consumers and is responsible for distributing those payments to the investors who own the consumers' loans and, when the consumers' loans include escrow accounts, to the consumers' taxing authorities or insurance companies. Thus, it is a servicer within the meaning of RESPA. 12 C.F.R. § 1025.2(b). Thus, the Defendant is subject to the servicing requirements provided for in the RESPA and Regulation X.

8. RESPA and Regulation X are applicable to all "federally related mortgage loans", which include any loans secured by a first or subordinate lien on residential real property upon which a one-to-four family structure is located and which is made in whole or in part by any lender that is either regulated by or whose deposits or accounts are insured by an agency of the Federal Government. *See* 12 C.F.R. § 1024.2. Accordingly, Plaintiff's Mortgage is a "federally related mortgage loan" as defined in Regulation X. *Id.*

9. Plaintiff is asserting a claim for relief against Defendant for breaches of the specific rules under Regulation X as set forth below.

10. Plaintiff has a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) for the claimed breaches and such action provides for remedies including actual damages, statutory damages, attorneys' fees and costs.

## Factual Allegations

11. On or about June 14, 2005, Plaintiff executed a promissory note and mortgage in favor of Wells Fargo Bank, N.A. (the "Loan") for the purchase of the property located at 5120 Isabella Drive, Palm Beach Gardens, FL 33418 (the "Property").

12. On or about February 24, 2015, Plaintiff sent to Defendant a request for information requesting among other things, the contact information for the past and present owners and/or creditors of the Plaintiff's Loan (the "February 24th RFI"). A copy of the February 24th RFI is attached as Exhibit "A".

13. On or about December 21, 2015, Plaintiff submitted a loss mitigation application to the Defendant.

14. On or about March 21, 2016, Plaintiff sent to Defendant a Notice of Error notifying the Defendant that it had failed: (i) to acknowledge her loss mitigation application; (ii) to send a missing document letter for any missing documentation required to process the Plaintiff's application; and (iii) timely process the Plaintiff's loss mitigation application pursuant to Regulation X (the "March 21st NOE"). A copy of the March 21st NOE is attached as Exhibit "B".

15. On or about April 27, 2016, Defendant sent a response letter to the Plaintiff claiming that no error had occurred but confirming that it did receive the loss mitigation application

on December 21, 2015 (the "April 27th Response Letter"). A copy of the April 27th Response Letter is attached as Exhibit "C".

16. On or about May 24, 2016, Defendant sent to Plaintiff a letter outlining which loss mitigation options it had been approved for and which ones the Defendant had determined she was ineligible for (the "Application Decision Letter"). A copy of the Application Decision Letter is attached as Exhibit "D".

17. On or about May 31, 2016, Plaintiff sent to Defendant a notice of error notifying it that it had among things, failed to acknowledge her loss mitigation application and failed to timely evaluate her loss mitigation application (the "May 31st NOE"). The May 31st NOE is attached as Exhibit "E".

18. On or about May 31, 2016, Plaintiff sent to Defendant a notice of error and subsequent request for information notifying the Defendant that it had failed to provide the contact information for all past and current creditors and owners of the loan and re-requesting same (the "May 31st RFI/NOE"). A copy of the May 31st RFI/NOE is attached as Exhibit "F".

19. On or about June 7, 2016, Plaintiff sent to Defendant a letter requesting an independent review and appeal of the Defendant's loan modification decision due to the Defendant's use of incorrect information while evaluating the Plaintiff's loss mitigation application (the "Appeal Letter"). A copy of the Appeal Letter is attached as Exhibit "G".

20. On or about February 8, 2017, Plaintiff sent to Defendant a notice of error notifying the Defendant that it had failed to timely evaluate the appeal of the decision reached by the Defendant regarding the Plaintiff's loss mitigation application (the "February 8th NOE"). A copy of the February 8th NOE is attached as Exhibit "H".

**Count I – Failure to Timely Acknowledge Loss Mitigation Application**
**Violation of Regulation X, Section 12 C.F.R. § 1024.41(b)(2)(i)(B)**

21. Plaintiff incorporates the allegations in paragraphs 1-20 above into this count for damages.

22. Section 1024.41(b)(2)(i)(B) provides that a servicer shall:

"(B) Notify the borrower in writing within 5 days (excluding legal public holidays, Saturdays, and Sundays) after receiving the loss mitigation application that the servicer acknowledges receipt of the loss mitigation application and that the servicer has determined that the loss mitigation application is either complete or incomplete. If a loss mitigation application is incomplete, the notice shall state the additional documents and information the borrower must submit to make the loss mitigation application complete and the applicable date pursuant to paragraph (b)(2)(ii) of this section. The notice to the borrower shall include a statement that the borrower should consider contacting servicers of any other mortgage loans secured by the same property to discuss available loss mitigation options."

23. Plaintiff submitted a loss mitigation application to the Defendant on or about December 21, 2015.

24. Defendant did not properly and timely acknowledge the Plaintiff's loss mitigation application pursuant to § 1024.41(b)(2)(i)(B) until April 27, 2016 when it sent the April 27th Response Letter. See Exhibit "C".

25. Defendant's April 27th Response Letter was not sent within 5 days of its receipt of the loss mitigation application and therefore Defendant is in violation of § 1024.41(b)(2)(i)(B).

26. As a result of Defendant's violation, Plaintiff incurred actual damages in the form of (1) costs and fees incurred with the preparation, printing, copying and mailing of the March 21st NOE; (2) extra costs and fees assessed to the Plaintiff's mortgage loan account balance due to the Defendant's failure to comply with Regulation X; (3) lost wages resulting from missed work or employment in connection with Plaintiff's efforts to bring Defendant in compliance with Regulation X; and (4) costs incurred in the form of time, transportation costs, and other expenses

incurred during the process of obtaining Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f)(b).

27. Accordingly, Plaintiff is entitled to its actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

### Count II – Failure to Timely Evaluate Loss Mitigation Application
### Violation of Regulation X, Section 12 C.F.R. § 1024.41(c)(1)

28. Plaintiff incorporates the allegations in paragraphs 1-20 above into this count for damages.

29. Section 1024.41(c)(1) of Regulation X provides that

"If a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale, then, within 30 days of receiving a borrower's complete loss mitigation application, a servicer shall:

(i) Evaluate the borrower for all loss mitigation options available to the borrower; and

(ii) Provide the borrower with a notice in writing stating the servicer's determination of which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage. The servicer shall include in this notice the amount of time the borrower has to accept or reject an offer of a loss mitigation program as provided for in paragraph (e) of this section, if applicable, and a notification, if applicable, that the borrower has the right to appeal the denial of any loan modification option as well as the amount of time the borrower has to file such an appeal and any requirements for making an appeal, as provided for in paragraph (h) of this section."

30. Defendant acknowledged that it received Plaintiff's loss mitigation on December 23, 2015. See Exhibit "C".

31. However, Defendant failed to timely evaluate the Plaintiff's loss mitigation application within 30 days and the Plaintiff was forced to send the March 21st NOE as a result. See Exhibit "B".

32. Defendant failed to evaluate the Plaintiff's complete loss mitigation application within 30 days of its receipt and is therefore in violation of § 1024.41(c)(1).

33. As a result of Defendant's violation, Plaintiff incurred actual damages in the form of (1) costs and fees incurred with the preparation, printing, copying and mailing of the March 21st NOE; (2) extra costs and fees assessed to the Plaintiff's mortgage loan account balance due to the Defendant's failure to comply with Regulation X; (3) lost wages resulting from missed work or employment in connection with Plaintiff's efforts to bring Defendant in compliance with Regulation X; and (4) costs incurred in the form of time, transportation costs, and other expenses incurred during the process of obtaining Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f)(b).

34. Accordingly, Plaintiff is entitled to its actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

**Count III – Failure to Timely Evaluate Appeal of Loss Mitigation Application
Violation of Regulation X, Section 12 C.F.R. § 1024.41(h)(4)**

35. Plaintiff incorporates the allegations in paragraphs 1-20 above into this count for damages.

36. Section 1024.41(h)(4) of Regulation X provides

"(4) Appeal determination. Within 30 days of a borrower making an appeal, the servicer shall provide a notice to the borrower stating the servicer's determination of whether the servicer will offer the borrower a loss mitigation option based upon the appeal and, if applicable, how long the borrower has to accept or reject such an offer or a prior offer of a loss mitigation option. A servicer may require that a borrower accept or reject an offer of a loss mitigation option after an appeal no earlier than 14 days after the servicer provides the notice to a borrower. A servicer's determination under this paragraph is not subject to any further appeal."

37. Plaintiff made an appeal of the Defendant's loss mitigation determination when it sent to the Defendant the Appeal Letter on June 7, 2016. See Exhibit "G".

38. Defendant failed to evaluate the Plaintiff's appeal of the loss mitigation decision within 30 days of its receipt and is therefore in violation of § 1024.41(h)(4).

39. As a result of Defendant's violation, Plaintiff incurred actual damages in the form of (1) costs and fees incurred with the preparation, printing, copying and mailing of the February 8th NOE; (2) extra costs and fees assessed to the Plaintiff's mortgage loan account balance due to the Defendant's failure to comply with Regulation X; (3) lost wages resulting from missed work or employment in connection with Plaintiff's efforts to bring Defendant in compliance with Regulation X; and (4) costs incurred in the form of time, transportation costs, and other expenses incurred during the process of obtaining Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f)(b).

40. Accordingly, Plaintiff is entitled to its actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

**Count IV – Failure to Respond to Request for Information**
**Violation of Regulation X, Section 12 C.F.R. § 1024.36(d)**

41. Plaintiff incorporates the allegations in paragraphs 1-20 above into this count for damages.

42. Regulation X section 1024.36(d)(1) provides that a

"servicer must respond to an information request by either: (i) [p]roviding the borrower with the requested information and contact information, including telephone number, for further assistance in writing; or (ii) [c]onducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance."

43. Regulation X section 1024.36(d)(2) provides that a servicer must comply with the requirements in section 1024.36(d)(1) not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) for all requests for information other than requests for the identity of the owner of assignee of a mortgage loan. 12 C.F.R. § 1024.36(d)(2)(i)(B).

44. Further, 12 C.F.R. § 1024.36(d)(2)(ii) provides:

"(ii) Extension of time limit. For requests for information governed by the time limit set forth in paragraph (d)(2)(i)(B) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing. A servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section."

45. Plaintiff sent to Defendant the February 24th RFI on or about February 24, 2015 which requested the loan owner contact information for all past and present owners and creditors of the Plaintiff's Loan.

46. As of the date of this filing, Defendant has failed to provide the requested information and is therefore in violation of Regulation X section 1024.36(d)(1).

47. As a result of Defendant's violation, Plaintiff was forced to send to the Defendant the May 31st RFI/NOE re-requesting the same documentation previously requested as well as putting the Defendant on notice of its error. See Exhibit "F".

48. As a result, Plaintiff incurred actual damages in the form of (1) costs and legal fees incurred to prepare each subsequent request for information and subsequent notices of error, including the May 31st RFI/NOE; (2) costs incurred in connection with the photocopying and mailing of the requests for information and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expenses incurred during the process of obtaining the Defendant's compliance with Regulation X. Further, Plaintiff alleges that Defendant's actions or lack of actions with respect to this particular count together with those alleged in the remaining counts in this complaint are tantamount to a case of a pattern or practice of noncompliance with the requirements of the RESPA and Regulation X, allowing for the recovery of statutory damages pursuant to 12 U.S.C. § 2605(f).

49. Accordingly, Plaintiff is entitled to both actual and statutory damages together with prevailing party attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f).

### `Prayer for Relief

Wherefore, Plaintiff demands final judgment against the Defendant providing for all of the following:

   a. awarding actual damages that have been and may be proximately caused by Defendant's violation of the RESPA and Regulation X;
   b. statutory damages under RESPA for Defendant's pattern and practice of non-compliance;
   c. prevailing party attorneys' fees and costs under 12 U.S.C. § 2605(f);

      d.  awarding any further relief available under the law.

## **Jury Demand**

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

_____

June 6, 2017
Miami, FL

                                  Respectfully submitted,

                                Ruzy Behnejad
                                Florida Bar No. 111894
                                ruzy@behnejadlaw.com
                                Behnejad Law PLLC
                                8724 Sunset Drive #261
                                Miami, FL 33173
                                Tel: 786.554.3999
                                Attorney for Plaintiff

                                */s/ Ruzy Behnejad*
                                Ruzy Behnejad
                                Florida Bar No. 111894